UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RODERICK ALBRECHT, ALICIA BABLO, BRAD
BAKER, THOMAS BAKER, DAVID BARRETT,
TIMOTHY BATES, SCOTT BATZ, MARK BAXTER,
MICHAEL A. BELL, SCOTT BLAAKMAN, AARON
BOBOWSKI, MICHAEL J. BOGNER, MARK J.
BOWLER, JEREMY J. BOWMAN, FREDERICK
BUNDY, MIKE BURT, STEVEN BYRNES, NORMAN
CAMP, ERIC S. CARLSON, STEPHEN CARPINO, JOHN
CARROLL, CHRISTOPHER CICHOCKI, JONATHAN
COUNTRYMAN, MICHAEL COWLEY, CHRIS
DECANN, JOE DIMARIANO, RICHARD DIPONZIO,
NAOMI FISHER, JOHN GOODMAN, JEFFREY
HANDS, JOANNE HANDS, ROBERT HANDS,
ADAM HARDEN, KATIE HARNISH, STEVE                        Case no.
HEITZ, LEWIS HENRY JR., PATRICK HONAN,
CHARLENE HOWARD, TIMOTHY HUFF,
ANTHONY IACUZZI, KORDELL JACKSON,
JEFFREY JACOBS, STACY JANKE, AARON
JOHNSON, JAMES KELL, MATTHEW KELLEY,
VAN KHAMSOUK, AARON KLIPPEL, JOHN
KOCH, PETER KRAFT, SHAWN LAMB, WENDY
LEISER, SCOTT LIBIHOUL, RONNIE LUREMAN,
FREDERICK MANNINO, ANTHONY
MASTRANGELO, LOUIS MASTRANGELO,
RICHARD MITCHELL, JOSEPH MONAHAN,
RICHARD MOORMAN, ROBERT MORGAN,
DAVID NESTA, GARY NEWSTEAD, JAMIE
NEWTON, SCOTT PIACELLI, JAMES PRESTON,
LAWRENCE PULVER, RICHARD REDSICKER,
ANNETTE REINTJES, CARLOS ROLDAN, DAVID
RUDGERS, RICHARD SANFILIPPO, IIAN
SANKOWSKI, DEREK SCHLUETER, CARL
SCHWARTING, BRIAN SCOTT, EVERETTE
SCOTT, ANTHONY SIRAGUSA, LARRY SMITH,
ROBERT SMITH, WILLIAM SMITH, STEPHEN
SMUDZIN, JAMES SOZIO, BRYAN STEWART,
MATTHEW STORMS, STEPHEN THAYER,
MATTHEW UNDERWOOD, DARREN VANDERBILT,
WESLEY VANDERLINDE, JESSE VAN LIEW,
CASEY VERNON, MARK WARTERS, MICHAEL
WOOD, and JOHN YOUNGS all of New York,

                                        Plaintiffs,

        v.

THE WACKENHUT CORPORATION,

                                        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### DEMAND FOR JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs by and through their attorneys, GALLO & IACOVANGELO, LLP, hereby demand a trial by jury on all legal issues to be determined herein.

### COMPLAINT

The above-named Plaintiffs, employees or former employees of Defendant, Wackenhut Corporation, by and through their attorneys, GALLO & IACOVANGELO, LLP, bring this action on behalf of themselves and other employees similarly situated, to recover unpaid minimum wages, overtime compensation, liquidated damages, and attorney's fees and costs, under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 216(b)], and Section 650, et seq. of New York State Labor Law (the Minimum Wage Act) (hereinafter referred to as the "FLSA" and the "NYMWA" respectively).  Plaintiffs do hereby allege upon information and belief the following:

1.      Jurisdiction of this action is conferred on this Court by Section 16(b) of the FLSA [29 U.S.C.A.§ 216(b)], and by the provisions of 28 U.S.C.A. § 1337, relating to "any civil action or proceeding arising under any Act or Congress regulating commerce." Jurisdiction over the Plaintiffs' related claim under the NYMWA is further conferred on this Court by the provisions of 28 U.S.C.A. §1367.

2.      The Plaintiffs are and were at all relevant times residents of the State of New York.  Annexed collectively hereto and incorporated herein by referenced as **Exhibit "A"** are Consent to Become Party Plaintiff forms duly executed by each of the Plaintiffs to this action pursuant to 29 U.S.C.A. §216(b).

3.      Venue is appropriately placed in this judicial district, pursuant to 28 U.S.C.A., §§ 1391(b) and (c), due to the residence of the Plaintiffs, the residence of the Defendant and the events or omissions giving rise to the claims asserted herein.

4.      The Defendant, Wackenhut Corporation (hereinafter referred to as "Wackenhut"), is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located in the city of Palm Beach Gardens, State of Florida, within the territorial jurisdiction of this Court.

5.      At all relevant times, the Plaintiffs and others similarly situated were employed by Wackenhut within the meaning of § 3(d) of the FLSA [29 U.S.C.A. § 203(d)] and §651(6) of the NYMWA, in that Wackenhut acted directly in the interest of itself in relation to its employees, including Plaintiffs and others similarly situated.

6.      At all relevant times, Wackenhut was engaged in the business of providing security services and in activities performed through unified operation or common control for a common business purpose, having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $100,000.00, and therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(r) and (s) of the FLSA [29 U.S.C.A §203(r), (s)].

7.      At all relevant times, each and every Plaintiff was employed by the Defendant as a security guard and worked at the Ginna Nuclear Power Plant facility, 1503 Lake Road, Ontario, New York, located in the State of New York, County of Wayne.  Plaintiffs qualify as employees for the purposes of the FLSA and the NYMWA.

## AS AND FOR A FIRST CAUSE OF ACTION

8.      The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "7" above with the same force and effect as though set forth at length herein.

9.      During the period from March 23, 2004, to the present time, or during portions of such period, Wackenhut employed Plaintiffs and others similarly situated in various occupations in connection with the business of Wackenhut.  Contrary to the requirements of Section 6 of the

FLSA [29 U.S.C.A. § 206], Wackenhut willfully failed to pay each Plaintiff their respective wages and overtime compensation for periods of time which each Plaintiff suffered and which Wackenhut permitted Plaintiffs to work, including, but not limited to, periods of time for arming up and checking through security and arming down.

10.     During the periods from March 23, 2004, to the present time, or during portions of such period, Wackenhut employed Plaintiffs and others similarly situated, who were engaged in commerce or in the production of goods for commerce, as described in the preceding paragraph, for many workweeks longer than forty (40) hours, and failed and refused to compensate Plaintiffs and others similarly situated for such work in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the requirements of Section 7 of the FLSA [29 U.S.C.A. § 207].

11.     As the result of the underpayment and non-payment of wages and overtime compensation, Wackenhut is indebted to each and every Plaintiff in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

12.     The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "11" above with the same force and effect as though set forth at length herein.

13.     During the periods from March 23, 2001 to the present time, or during portions of such period, Wackenhut employed Plaintiffs and other similarly situated in various occupations in connection with the business of Wackenhut.  During the respective periods of their employment, Wackenhut employed Plaintiffs and others similarly situated in the aforesaid enterprise and willfully failed to pay them wages and overtime compensation for periods of time which they suffered and permitted Plaintiffs to work, including, but not limited to, periods of time for arming up and checking through security and arming down, contrary to the requirements of §652 of the NYMWA (19 NY Ann. §652).

14.    As the result of the underpayment and non-payment of wages and overtime compensation, Wackenhut is indebted to each and every Plaintiff in an amount to be determined at trial.

WHEREFORE, the Plaintiffs demand judgment as against Wackenhut, in the amount due each Plaintiff for overtime compensation, minimum wages, liquidated damages (or interest), plus costs under the provisions of the Fair Labor Standards Act of 1938, as amended, and New York's Minimum Wage Act, together with reasonable attorney's fees and for such other and further relief as this Court deems just and proper.

Dated: Rochester, NY
     March 23, 2007              Respectfully submitted,

                        **GALLO & IACOVANGELO, LLP**

                        By: _____
                        Joseph B. Rizzo, Esq. of Counsel
                        Attorneys for Plaintiffs
                        39 State Street, Suite 700
                        Rochester, NY  14614
                        (585) 454-7145

TO:   **THE WACKENHUT CORPORATION**
        4200 Wackenhut Drive, Suite 101
        Palm Beach Gardens, FL  33410-4243